UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL B. FJERSTAD, | ) | CASE NO. C08-0791-RSM-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| UNITED STATES DRUG ENFORCEMENT | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Michael B. Fjerstad submitted a motion for appointment of counsel. (Dkt. 9.) Defendants responded with a clarification that plaintiff erroneously indicates in his motion that an agency has determined that there is reasonable cause to believe that the allegations in his complaint are true. (Dkt. 10.) Having reviewed plaintiff's request, defendants' submission, and the remaining record, the Court finds and ORDERS as follows:

(1) Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he Court may request an attorney to represent any person unable to afford counsel." However, there is no right to appointment of counsel in a civil case. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Moreover, the Court may appoint counsel only in exceptional circumstances. *Wilborn*

*v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* In this case, it cannot be said that plaintiff has demonstrated a likelihood of success on the merits, or shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims *pro se*. Accordingly, plaintiff's motion for appointment of counsel is DENIED.

    (3)    The Clerk shall send a copy of this Order to the parties and to the Honorable Ricardo S. Martinez.

DATED this 4th day of August, 2008.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -2